UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**JOHN HENRY CAMPBELL (DOC #364880)**    **DOCKET NO. 5:16-cv-1465-P**

**VERSUS**    **JUDGE ELIZABETH E. FOOTE**

**DARREL VANNOY**    **MAG. JUDGE KAREN L. HAYES**

**REPORT AND RECOMMENDATION**

Pro se petitioner John Henry Campbell (#364880) filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He was granted leave to proceed *in forma papueris* on November 22, 2016. (Doc. 7). Petitioner is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Petitioner claims that the state courts' rulings were contrary to, or involved an unreasonable application of, established law.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

**Procedural History**

Petitioner John Henry Campbell was charged by amended bill of information on August 23, 2010, with one count of aggravated second degree battery arising from allegations that Campbell burned his girlfriend multiple times with an iron. See State v. Campbell, 46,888 (La. App. 2 Cir. 3/14/12), 86 So. 3d 204, 207, writ denied, 2012-1059 (La. 10/26/12), 99 So. 3d 641. After considering the evidence and testimony, the jury returned a unanimous verdict of guilty of aggravated second degree battery. See id. at 209. On September 30, 2010, Campbell was sentenced to 15 years at hard labor on the aggravated second degree battery conviction. See id. at 209, n. 2. However, on November 17, 2010, Campbell was adjudicated a fourth felony habitual offender. See id. at 209. The trial court vacated Campbell's previously imposed sentence, and resentenced

Campbell to life imprisonment at hard labor without the benefit of parole, probation or suspension of sentence. See id.

Campbell's conviction and sentence were affirmed on appeal. See id. Petitioner sought writs in the Louisiana Supreme Court, which were denied on October 26, 2012. State v. Campbell, 2012-1059 (La. 10/26/12), 99 So. 3d 641. Petitioner did not seek writs in the United States Supreme Court.

Petitioner filed an application for post-conviction relief on July 22, 2013. (Doc. 1, p. 67). The district court denied the application. (Doc. 1, p. 81). The Louisiana Second Circuit Court of Appeal denied writs on May 22, 2014. (Doc. 1, p. 83). The Louisiana Supreme Court denied writs on March 27, 2015. State ex rel. Campbell v. State, 2014-1313 (La. 3/27/15), 162 So. 3d 380.

Petitioner filed the instant petition for writ of habeas corpus on October 19, 2016.

**Law and Analysis**

Title 28 U.S.C. § 2244(d)(1)(A) (as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 or "AEDPA") provides a 1-year statute of limitations for the filing of applications for habeas corpus by persons, such as Petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. § 2244(d)(1)(A).

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitations period. See Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2). However, any lapse of time

before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period. See Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999) (citing Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir.1998)) (emphasis added). Federal courts may raise the one-year time limitation *sua sponte*. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Petitioner did not seek direct review in the United States Supreme Court. Therefore, Petitioner's conviction became final for AEDPA purposes on January 24, 2013, ninety days after the Louisiana Supreme Court denied writs. The one-year AEDPA statute of limitation began to run on that date. See 28 U.S.C. § 2244(d)(1)(A); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999).

Petitioner filed his application for post-conviction relief on July 22, 2013, which remained pending until the Louisiana Supreme Court denied writs on March 27, 2015. (Doc. 1, p. 67). See State ex rel. Campbell v. State, 2014-1313 (La. 3/27/15), 162 So. 3d 380. Petitioner is entitled to tolling of the one-year limitations period from July 22, 2013, through March 27, 2105.

Although Petitioner is entitled to toll the time in which his application for post-conviction relief remained pending in the state courts, the six months that passed from the date his conviction became final and the date the application for post-conviction relief was filed are counted against the one-year statute of limitations. See Villegas, 184 F.3d at 472. Therefore, Petitioner had around six months of the limitations period remaining when the Louisiana Supreme Court denied writs on post-conviction review. Petitioner did not file the instant § 2254 petition until October 19, 2016, more than one year from the Supreme Court's writ denial, and well beyond the expiration of Petitioner's one-year limitations period.

The AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable

3

tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006). "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner submits no evidence demonstrating that he is entitled to equitable tolling, and this Court knows of no such evidence.

Petitioner requests the appointment of counsel. (Doc. 6). However, there is no constitutional right to counsel in post-conviction proceedings. See United States v. Garcia, 689 F.3d 362, 364–65 (5th Cir. 2012). Additionally, because the petition is time-barred, the "interests of justice" do not require that counsel be appointed. See 18 U.S.C. § 3006A(a)(2)(B).

## Conclusion

For the foregoing reasons, the Motion to Appoint Counsel (Doc. 6) is hereby DENIED.

IT IS RECOMMENDED that the § 2254 petition be DENIED and DISMISSED with prejudice as time-barred under 28 U.S.C. § 2244(d).

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's

objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before rendering a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

### Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Monroe, Louisiana, this 30th day of November, 2016.

Karen L. Hayes
United States Magistrate Judge